GEORGE H. ENGLEHARD, receiver of Schroeder & Rogers, complainant,

*v.*

GEORGE SCHROEDER and MAE D. SCHROEDER, defendants.

[Decided January 2d, 1924.]

Where a bond provides that the obligors shall "in all respects conform and abide by any order, direction or decree of the chancellor, which shall be made against them, or either of them, by the said chancellor for payment of costs, expenses or otherwise to the chancellor, or such person or persons as he shall direct," such bond can be enforced in this court, without bringing a suit at law upon it.

---

On bill, &c.

*Messrs. Coult & Smith* for the complainant.

*Messrs. Ziegener & Lane,* for the defendants.

CHURCH, V. C.

The two questions which seem to me important are—*first,* is the National Surety Company entitled to be heard on the merits of the application?

The learned counsel for the complainant in his brief states that he appears also for the National Surety Company. I, therefore, think that the company is in court for the purposes contemplated by the motion.

The *second* point is that recovery must be had on the bond at law, for the reason that the bond is not conditioned in the language of rule 207. The words of the rule are:

"The damages to be ascertained in such manner as the court shall direct."

The words of the bond are:

"In all respects conform and abide by any order, direction or decree of the chancellor which shall be made against them, or either of them, by the said chancellor for payment of costs, expenses or otherwise to the chancellor, or such person or persons as he shall direct."

The condition of the bond, therefore, is for the payment of costs which, it seems to me, can only be fixed and determined by the court of chancery. I see no reason why there should be any action at law. The amount of the costs, expenses, &c., have been fixed by the final decree of this court.

I will therefore deny the application to dismiss the petition of Mae D. Schroeder.